[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 29, 2010
JOHN LEY
CLERK

No. 10-11408
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00514-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LOPEZ-DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 29, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Mario Lopez-Diaz appeals his 30-month sentence imposed after he was

convicted of being found in the United States after deportation, 8 U.S.C. § 1326(a) and (b)(1). On appeal, Lopez-Diaz contends that his sentence is unreasonable because district courts in this circuit have an unwarranted tendency to impose above-guideline sentences in criminal immigration cases when compared with district courts in other circuits. Next, Lopez-Diaz argues that his sentence is procedurally unreasonable because the district court did not provide an adequate explanation for its decision to impose an above-guideline sentence. Finally, Lopez-Diaz asserts that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. For the reasons stated below, we affirm.

I.

Lopez-Diaz pled guilty to one count of being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). According to the presentence investigation report ("PSI"), Lopez-Diaz is a native and citizen of Mexico who first entered the United States illegally in 1997. In July 2000, Lopez-Diaz was deported to Mexico, but he re-entered the United States in November 2004. In July 2007, Lopez-Diaz was convicted of being found in the United States following deportation, and was sentenced to nine months in federal prison. Following his release in November 2007, he was deported to Mexico. In October 2009, Lopez-Diaz was arrested in Lakeland, Florida, for driving without a

license.  Immigration and Customs Enforcement filed a detainer against

Lopez-Diaz after determining that he had not received permission to re-enter or

remain in the United States.

The district court determined that Lopez-Diaz had a guideline range of 15 to

21 months' imprisonment.  Lopez-Diaz argued that his was a "typical case" that

called for a sentence within the guideline range.  The government responded that

Lopez-Diaz's case was not typical because he had a prior conviction for illegal

reentry and also had been arrested multiple times since the age of 21.  The

government observed that Lopez-Diaz's nine-month sentence for his prior illegal

reentry conviction did not result in any observable difference in his behavior.

The district court imposed an upward variance and sentenced Lopez-Diaz to

a term of 30 months' imprisonment.  In explaining the reasons for its sentence, the

court observed that Lopez-Diaz was "compiling a formidable record of behavior

that is heedless of the existence and particulars of the law."  The court noted that

Lopez-Diaz had promptly reentered the United States despite his prior conviction

for illegal reentry.  Therefore, the court believed that it was  "necessary to escalate

the sentence materially from that episode and to account for his repeated disregard

for the law."  The court stated that it had given particular weight to the need for

deterrence.  The court noted that illegal reentry "is linked significantly to the

question of deterrence since there are perceived benefits to an individual's unlawful entry into the United States." The court explained that it was imposing a lengthy sentence to show Lopez-Diaz "that there is an escalating cost" for illegally reentering the country "and that it is a cost not worth his incurring." Lopez-Diaz objected to his sentence as being unreasonable.

## II.

We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). We follow a two-step process in reviewing a sentence. First, we must ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L.Ed.2d 445 (2007). If the district court's sentencing decision is procedurally sound, we must then determine whether the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors. *Id.* at 51, 128 S.Ct. at 597. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical

care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

A sentence is substantively unreasonable if it fails to reflect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). To establish that a sentencing disparity exists, the defendant must show that he is similarly situated to other defendants who have received lower sentences. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009) (finding no unwarranted sentencing disparity where two defendants were not similarly situated). The defendant must do more than present "bare numbers without context." *See United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007) (holding that defendant's statistical evidence that his sentence exceeded the average sentences imposed on others convicted of similar offenses did not demonstrate that the defendant's own sentence was unreasonable).

In this case, the statistics cited by Lopez-Diaz do not show that his sentence is unreasonable. First, although district courts in the Eleventh Circuit may have imposed a higher percentage of above-guideline sentences in immigration cases

than courts in some other circuits during 2009, the overall number of above-guideline sentences was relatively small. Out of a total of 1,256 immigration convictions in this circuit, only 34 defendants received above-guideline sentences. In the Middle District of Florida, courts only imposed 9 above-guideline sentences out of a total of 378 immigration cases. Thus, these statistics do not demonstrate that district courts in the Eleventh Circuit generally, or the Middle District of Florida in particular, are biased against immigration defendants or have an unwarranted tendency to impose upward variances in immigration cases.

More generally, Lopez-Diaz cannot rely on the Sentencing Commission's statistics to show that an upward variance was unwarranted in his case because those statistics do not account for the facts and circumstances of each individual case. *See Campbell*, 491 F.3d at 1317. Lopez-Diaz has not presented any information showing that defendants who, like him, have prior convictions for illegal reentry tend to receive lower sentences in other circuits. Accordingly, Lopez-Diaz's statistical evidence does not establish that his sentence is unreasonable.

III.

As noted above, we review a sentence imposed by a district court for

reasonableness under an abuse-of-discretion standard. *Livesay*, 587 F.3d at 1278.

The abuse of discretion standard "allows a range of choice for the district court, so

long as that choice does not constitute a clear error of judgment." *United States v.

Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

A sentence is procedurally unreasonable if the district court fails to offer

adequate reasons for its sentencing decision. *Gall,* 552 U.S. at 51, 128 S. Ct. at

597. The level of explanation required of the district court varies from case to

case. *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d

203 (2007). A decision to impose a sentence within the guideline range "will not

necessarily require lengthy explanation," but when the court imposes a sentence

outside the guideline range, it should identify the reasons why it has done so. *Id.*

at 356-57, 127 S.Ct. at 2468. "The sentencing judge should set forth enough to

satisfy the appellate court that he has considered the parties' arguments and has a

reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356,

127 S.Ct. at 2468. In considering the § 3553(a) factors, the district court may rely

upon facts that have already been accounted for in the defendant's guideline range.

*United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

We will not reverse a sentence as substantively unreasonable unless we are

"left with the definite and firm conviction that the district court committed a clear

error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In determining whether a variance from the guideline range is reasonable, we must examine whether "the justification for the variance [is] 'sufficiently compelling to support the degree of the variance.'" *Irey*, 612 F.3d at 1186-87 (quoting *Gall*, 552 U.S. at 50, 128 S.Ct. at 597).

In this case, the district court adequately explained its decision to impose an upward variance. The court stated that an above-guideline sentence was needed in light of Lopez-Diaz's criminal history, including his prior conviction for illegal reentry, and the need to deter Lopez-Diaz from committing future immigration offenses. Although Lopez-Diaz's prior illegal reentry conviction was accounted for in his guideline range, the district court could consider that conviction in its analysis of the § 3553(a) factors as well. *See Williams*, 526 F.3d at 1324. Similarly, the district court did not err by taking the recency of Lopez-Diaz's prior conviction into account because that fact was relevant to the nature and circumstances of the offense, Lopez-Diaz's personal history and characteristics,

8

and the need for deterrence.

Lopez-Diaz's sentence also is substantively reasonable. Since Lopez-Diaz had a prior conviction for illegal reentry, the district court did not abuse its discretion in concluding that an above-guideline sentence was needed to account for Lopez-Diaz's recidivism and to deter him from re-entering the United States illegally in the future. Notably, Lopez-Diaz's sentence is well below the statutory maximum sentence of ten years' imprisonment. *See* 8 U.S.C. § 1326(b)(1). Because a 30-month sentence did not fall outside the range of reasonable sentences from which the district court could choose, Lopez-Diaz's sentence is substantively reasonable. *See Irey*, 612 F.3d at 1189. Accordingly, we affirm.

**AFFIRMED.**